UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARY DOE, as next friend of minor plaintiff, JANE DOE,<br><br>    Plaintiff,<br>v.<br><br>ROBLOX CORPORATION and DISCORD INC.,<br>    Defendants. | CIVIL ACTION NO. 3:25-cv-00128 |

### PLAINTIFF'S AMENDED UNOPPOSED MOTION
### TO PROCEED UNDER PSEUDONYM[1]

Minor Plaintiff Jane Doe ("Minor Plaintiff"), by and through her mother and next friend Mary Doe ("Mary"), respectfully moves this Court for an order allowing Minor Plaintiff and Mary to proceed in this case under the pseudonyms Jane Doe and Mary Doe, respectively. Minor Plaintiff further requests that the Court enter an order requiring Defendants to maintain the confidentiality of her identity and Mary's identity throughout this litigation and following its conclusion. Minor Plaintiff makes this request in the interest of protecting her from unnecessary psychological harm, harassment, retaliation, and severe personal embarrassment. Because Mary is Minor Plaintiff's mother, public disclosure of Mary's identity would effectively identify Minor Plaintiff as well, thereby

---

[1] Defendants do not oppose this motion and agree to treat identifying information as confidential under a protective order, without prejudice to the arguments in their June 27, 2025 motion (ECF Nos. 27, 31) that they are entitled to expedited discovery to obtain Minor Plaintiff's Roblox and Discord usernames and any email addresses associated with her accounts.

defeating the purpose of pseudonymity in this case. Minor Plaintiff therefore respectfully seeks leave for her and Mary to proceed anonymously, as further stated below.

## I.   BACKGROUND

This case involves highly sensitive and deeply personal facts. Minor Plaintiff alleges that she was sexually exploited and assaulted as the result of Defendants' conduct in operating their online platforms, Roblox and Discord. Requiring Minor Plaintiff or her mother Mary to proceed under their real names would risk exacerbating the emotional trauma already suffered by Minor Plaintiff by subjecting her to further harassment, physical harm, ridicule, and emotional trauma. Minor Plaintiff has already endured significant psychological distress as the result of events related to this case. In particular, she was previously exposed in an online chat room where users publicly listed her internet protocol ("IP") address and physical home address, causing her severe anxiety and fear for her personal safety. *See* Compl. ¶¶ 208, 216-17. The risk of re-identification or further exposure, especially given the online nature of the abuse, remains high and would likely subject her to renewed trauma, social stigma, and potentially ongoing harm.

## II.   ARGUMENT

### A. The Fifth Circuit Balances Several Factors to Determine Whether a Party May Proceed Under a Pseudonym.

The Federal Rules of Civil Procedure generally require all parties to a lawsuit to be identified by name. *See* Fed. R. Civ. P. 10(a), 17(a) (providing that a complaint must include the names of all parties and be prosecuted in the name of the real party in interest). This rule is not absolute, however. Courts have long recognized that in certain

exceptional circumstances, parties may proceed anonymously when their interest in privacy outweighs the public's interest in open judicial proceedings. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (recognizing that pseudonymity may be appropriate where disclosure would cause severe harm).

In the Fifth Circuit, this exception is well-established. In *Doe v. Stegall*, the Fifth Circuit explained that there is "no hard and fast formula" for when pseudonymity is warranted; instead, courts must balance the need for "privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." 653 F.2d 180, 186 (5th Cir. 1981). Ultimately, courts must determine whether "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id*. at 185 (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 nn.8-12 (5th Cir. 1979)).

The Fifth Circuit has identified three non-dispositive factors that are frequently present in cases where pseudonymity is appropriate:

(1) Whether the plaintiff seeking anonymity is suing to challenge governmental activity;

(2) Whether prosecution of the suit would compel plaintiff to disclose information "of the utmost intimacy"; and

(3) Whether the plaintiff would be compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Id.*

These factors are not exhaustive. Courts in the Fifth Circuit have emphasized the importance of considering "the relevant facts and circumstances of a particular case,"

including, for example, a plaintiff's age and whether proceeding anonymously would unfairly prejudice the defendants. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

This principle has been echoed by other courts as well, which have emphasized that judges should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Wynne & Jaffe*, 599 F.2d 707 at 713).

### B. The Relevant Factors Justify Allowing Minor Plaintiff to Proceed Under a Pseudonym.

The relevant factors overwhelmingly weigh in favor of permitting Minor Plaintiff to use the pseudonym Jane Doe in this lawsuit arising from her sexual exploitation and assault.

#### 1. Minor Plaintiff's Claims Involve Information of the "Utmost Intimacy."

Courts have repeatedly held that allegations of sexual assault and rape warrant anonymity and that "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *6–7 (N.D.N.Y. Apr. 12, 2016). Additionally, courts have recognized that there is a "strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such

crimes." *See Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) (internal quotation marks omitted).

Courts thus frequently permit plaintiffs to use pseudonyms in cases involving alleged sexual assault. *See Cabrera*, 307 F.R.D. at 5 (citing cases and finding that "[c]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects"); *Roe v. St. Louis Univ.*, No. 4:08CV 1474 JCH, 2009 U.S. Dist. LEXIS 27716, at *13 (E.D. Mo. Apr. 2, 2009) (permitting use of a pseudonym because rape is a "personal matter of the utmost intimacy"); *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties. . .").

Here, Minor Plaintiff's claims arise from devastating and traumatic experiences involving alleged child sexual exploitation and assault—matters that have consistently been recognized as being of the "utmost intimacy." *See Stegall,* 653 F.2d at 185. Minor Plaintiff alleges that she was horrifically exploited through the Defendants' online platforms, Roblox and Discord. This exploitation involved demands for nude photographs, coercion into creating child sexual abuse material (CSAM), the receipt of unsolicited sexually explicit images from online predators, and ultimately, in-person sexual assault by a predator who had groomed her through these same platforms. *See* Compl. ¶¶ 208-13. These experiences not only are intensely personal and psychologically damaging, but they implicate deeply private issues of bodily autonomy, childhood trauma, and online abuse. Public disclosure of her identity would unnecessarily force her

to re-live these events under public scrutiny, which would be both harmful and inconsistent with the privacy interests that courts have long recognized in such cases.

### 2. Minor Plaintiff's Pursuit of This Lawsuit Puts Her at Significant Risk of Additional Harm

Identifying Minor Plaintiff by her real name in this litigation would subject her to further trauma and psychological harm. The acts committed against Minor Plaintiff were not only profoundly abusive but also widely facilitated through online spaces in which anonymous predators "doxxed" her—*i.e.*, publicly shared her IP address and physical home address in a chatroom populated by dozens of users. *See* Compl. ¶ 208. This violation of her safety and trust triggered ongoing and severe anxiety, paranoia, and emotional distress, which have deeply impacted her mental health. *Id.* ¶¶ 216-17. She continues to suffer from persistent trauma and fear of retaliation or re-exposure. *Id.* ¶ 217.

One of Minor Plaintiff's abusers secretly recorded the sexual abuse, further amplifying the danger that her identity could be linked to illicit images that may have been shared or distributed online. *Id.* ¶ 213. Should her identity be made public, she faces an ongoing risk of re-traumatization, humiliation, and exposure to those very predators who once targeted her. These harms go well beyond general embarrassment; they pose serious emotional and psychological risks, particularly to a minor survivor of sexual exploitation and assault.

### 3. Defendants Will Not Be Prejudiced by Allowing Minor Plaintiff to Proceed Pseudonymously

Permitting Minor Plaintiff to proceed under a pseudonym will not prejudice Defendants because Minor Plaintiff's identity was confidentially disclosed to Defendants.

6

*See, e.g.*, *Doe v. Univ. of Miss.*, No. 18-cv-63, 2018 U.S. Dist. LEXIS 28836, at *2 (S.D. Miss. Feb. 22, 2018) (concluding that allowing individuals to proceed using pseudonyms "will not prejudice or pose a threat of fundamental unfairness to Defendants, as they are already aware of the individuals' identities").

### 4. The Public's Interest in Knowing Minor Plaintiff's Identity Does Not Outweigh Her Need for Privacy Under the Circumstances

The public has a strong interest in the substance of this litigation—namely, in how large online platforms may have facilitated the sexual exploitation of children. However, that interest is fully preserved without disclosing the identity of a minor survivor of sexual exploitation and assault. The public will still have access to the pleadings, legal arguments, and evidence presented in this matter. The only information that would be withheld is Minor Plaintiff's actual name—information that is immaterial to the public's ability to understand and evaluate the issues at stake.

Courts have long held that the general presumption of open judicial proceedings must especially yield in cases where there are "sensitive and highly personal concerns" such as being a victim of sexual assault. *Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 U.S. Dist. LEXIS 117489, at *4 (S.D. Tex. July 6, 2020). This is precisely such a case. Minor Plaintiff's right to privacy, dignity, and protection from further harm far outweigh any marginal public interest in knowing her identity.

### C. Minor Plaintiff's Mother and Next Friend Mary Should Also Be Permitted to Use a Pseudonym Because Otherwise Minor Plaintiff's Identity Will Be Revealed.

Because Minor Plaintiff's mother Mary is her next friend in this case, public disclosure of Mary's identity would effectively identify Minor Plaintiff as well, thereby defeating the purpose of pseudonymity in this case. Minor Plaintiff therefore requests that Mary be permitted to proceed in this case using a pseudonym as well. *See, e.g.*, *C.M. v. United States*, 21-cv-00234, 2021 U.S. Dist. LEXIS 62176, at *6 (W.D. Tex. Mar. 31, 2021) (permitting parent to proceed using pseudonym because otherwise "it would be easy for the public, media, or others to uncover the identity of [the minor plaintiff]").

## III. CONCLUSION

Given the disturbing nature of the events alleged to have occurred in this case via online platforms, Minor Plaintiff seeks the Court's protection through limited anonymity to preserve her safety and mental health. Any interest the public may have in knowing Minor Plaintiff's individual identity is vastly outweighed by the privacy and safety concerns of Minor Plaintiff under these circumstances. Accordingly, Minor Plaintiff requests that this Court enter an order allowing her and her mother and next friend Mary to proceed under the pseudonyms Jane Doe and Mary Doe, respectively, and to further enter a protective order to set parameters for the disclosure of their identities among the parties of this case and to protect Minor Plaintiff's privacy and confidentiality.

Dated: July 3, 2025

Respectfully submitted,

*/s/ Paige Boldt*
Paige Boldt, Attorney in Charge
State Bar No. 24082626
SDTX No. 3108588
325 North Saint Paul Street, Suite 3100
Dallas, TX 75201
Telephone: (469) 966-2232
Facsimile: (215) 735-2211
pboldt@anapolweiss.com

Alexandra M. Walsh*
Kristen Feden*
D. Patrick Huyett*
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
Facsimile: (215) 735-2211
awalsh@anapolweiss.com
kfeden@anapolweiss.com
phuyett@anapolweiss.com

**COOPER MASTERMAN**
Davis Cooper (admitted *pro hac vice*)
Joseph Masterman (admitted *pro hac vice*)
1717 Pennsylvania Ave. NW, Suite 1025
Washington, DC 20006
Telephone: (202) 866-0171
davis@coopermasterman.com
joe@coopermasterman.com

*\*Pro Hac Vice* motions forthcoming

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2025, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                  */s/ Paige Boldt*
                                                  Paige Boldt