UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARY DOE, as next friend of minor plaintiff, JANE DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-00128 |
| ROBLOX CORPORATION and DISCORD INC., | § § § | |
| Defendants. | § § | |

**DEFENDANT ROBLOX CORPORATION'S**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................... 1
ARGUMENT ................................................................................................................... 1
I.     SECTION 230 BARS ALL OF PLAINTIFF'S CLAIMS ....................................... 1
II.    THE FIRST AMENDMENT BARS ALL OF PLAINTIFF'S CLAIMS ................. 8
III.   PLAINTIFF'S NEGLIGENCE CLAIMS FAIL (COUNTS 2, 3, 4, 5). ................... 8
     A.    No Duty. ........................................................................................................ 9
     B.    No Proximate Cause. ................................................................................... 11
IV.   PLAINTIFF'S STRICT PRODUCT LIABILITY CLAIMS (COUNTS 6, 7) FAIL. ............................................................................................................... 12
V.    PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM (COUNT 1) FAILS. .............................................................................................................. 13
CONCLUSION .............................................................................................................. 16

# INTRODUCTION

Binding Fifth Circuit precedent requires dismissal of Plaintiff's claims, which seek to hold Roblox liable for not preventing her from communicating with another user, *i.e.*, for not blocking or screening third-party content. Plaintiff fails to distinguish these authorities and strains to convert claims that challenge content moderation into something else. But whether Plaintiff recasts the duty as one to provide "safety services," or "design a [] safe product," her claims all fundamentally seek to impose a duty to flawlessly moderate content, or else be liable, which Section 230 bars. The First Amendment is the other side of the publication coin, protecting Roblox's editorial decisions about how to compile third-party speech. Plaintiff's argument that civil actions fall outside the First Amendment is plain wrong. She also fails to explain why the many claim-specific defects, including her failure to allege essential elements like duty, causation, and failure to plead fraud with particularity, should not result in dismissal. Roblox agrees with courts analyzing similar claims that the assault Plaintiff allegedly suffered "evoke[s] outrage." *Jane Doe No. 1 v. Backpage.com*, 817 F.3d 12, 15 (1st Cir. 2016). However, Plaintiff's claims are precluded by law.

# ARGUMENT

I.   **Section 230 Bars All of Plaintiff's Claims**

Plaintiff does not dispute that her claims arise from the same core facts that have led courts in this and other circuits to apply Section 230: assault by another user whose communications the defendant published. Plaintiff's Response 4 ("Resp."); *see, e.g., Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008) (barring negligence claims brought by minor user sexually abused by adult user); *Doe ex rel Roe v. Snap, Inc.*, No. 22-20543, 2023 WL

4174061 (5th Cir. June 26, 2023) (barring negligent undertaking, design, and gross negligence claims brought by minor user groomed by adult user); *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025) (product liability, failure to warn, misrepresentation, and trafficking claims brought by minor sexual assault victim); *see also In re Facebook Inc.*, 625 S.W.3d 80 (Tex. 2021) (negligence and product liability claims brought by minor sex trafficking victims). As in these other cases, Plaintiff tries to avoid Section 230 by arguing she "asserts liability based on Roblox's own actions and omissions." Resp. 15. The Fifth Circuit rejected this gambit, as should this Court.

*Negligence (2, 5).* Plaintiff's argument that she does not seek to hold Roblox liable for "fail[ing] to censor any content … or conversation she had on the platform" is belied by the Complaint. Resp. 14. The only connection between Roblox and Plaintiff's claims is that she allegedly "met" her assailant on Roblox. Compl. ¶¶211-213. The negligence claims fault Roblox for creating "an unreasonable risk of harm" from its app, including "grooming, sexual abuse, and sexual exploitation." *Id.* ¶237. Roblox is an online platform, so these "risks" necessarily involve user-to-user communications. *See id.* ¶238(f) (describing Roblox's "rules and restrictions" for users, and "staff" who "enforce these rules … and can monitor and discipline users when necessary," i.e., moderate their accounts). Plaintiff also argues that Roblox breached an alleged duty by: (1) letting users create accounts without age/identity verification; (2) not "requiring … a name, email address, or phone number"; and (3) allowing "users to change their own safety settings or parental controls, and create multiple and private accounts." Resp. 19. But the only way to comply with these alleged duties would be to more effectively "monitor third-party content," which would require

treating Roblox "as the publisher or speaker of third-party content." *A.B. v. Salesforce, Inc.*, 123 F.4th 788, 795 (5th Cir. 2024).

*Doe v. MySpace*, which is dispositive, holds that "a plaintiff cannot artfully plead around section 230 by casting their claims in terms of first-party conduct when they really seek to enforce a duty traditionally associated with publication." 528 F.3d at 419-20.[1] The Fifth Circuit rejected an attempt to reframe negligence claims based on a plaintiff's sexual assault by another user as a "failure to implement basic safety measures to protect minors"—namely, age verification—and so must this Court. *Id.* at 421. Plaintiff does not even try to distinguish *Doe (K.B.) v. Backpage.com, LLC*, 768 F.Supp.3d 1057, 1064-65 (N.D. Cal. 2025), where the court applied Section 230 to bar a negligent design against a platform that did not use age or identity verification tools. There, as here, the "duty to include these challenged features … cuts to the core of [defendant's] role as a publisher: … determining who can and cannot speak on its platform." *Id.* at 1065. Plaintiff's "parental control" allegations are the same as the age verification allegations. Compl. ¶106 (minor can "bypass" controls by entering false age). Section 230 likewise bars the theory that Roblox should have required a user-provided name, email address, or phone number. All are third-party content. *See Estate of Bride ex. rel. Bride v. Yolo Tech, Inc.*, 112 F.4th 1168, 1181 (barring claims based on "design feature of anonymity").

---

[1] Plaintiff casts the straw man argument that Roblox urged a "but-for" test that would "preempt all future negligence claims against internet platforms." Resp. 14-15. Not so. Roblox explained on a claim-by-claim basis why Section 230 bars the claims. The quote that "Congress provided broad immunity under the CDA … for all claims stemming from [providers'] publication of [third-party content]" is from *MySpace*, 528 F.3d at 418, which is binding authority repeatedly reaffirmed by the Fifth Circuit. *See Snap*, 2023 WL 4174061, at *1; *A.B.*, 123 F.4th at 793-94. Plaintiff misrepresents Roblox's argument by inserting italics in the quoted language where none existed. Resp. 14-15.

The theory that Roblox should have stopped users from changing their safety settings or creating multiple accounts would also require Roblox to monitor third-party content. *See Doe ex rel. Roe v. Snap, Inc.* (*Snap I*), 2022 WL 2528615, at *14 (S.D. Tex. July 7, 2022), *aff'd* 2023 WL 4174061 (5th Cir. June 26, 2023). In *Snap I*, as here, the plaintiff tried to "couch" the negligent design claim as targeting "Snapchat's design and operation." *Id.* The court rejected this framing because the "alleged lack of safety features" was "only relevant … to the extent it … would have averted wrongful [third-party] communication." *Id. Grindr* rebuffed the same maneuver, where the plaintiff "argue[d] that … Grindr could fulfill its alleged duty by changing its App features without involving third-party content." *Doe v. Grindr*, 709 F. Supp. 3d 1047, 1053 (C.D. Cal. 2023). Section 230 barred the negligence claim because the "theory of liability" was that Grindr had allowed "communicat[ion] with abusive adults." *Doe v. Grindr Inc.*, 128 F.4th at 1153. Plaintiff's theory is exactly the same. *See* Compl. ¶251(b) (alleged breach of duty by not notifying parents when child messages adult user); ¶294 (not "blocking direct messaging between child and adult users").

**Design Claims (4, 6).** Plaintiff breaks no new ground by arguing that "the design-defect claims arise from Roblox's duty as a product designer." Resp. 13. Courts have repeatedly applied Section 230 to bar similar claims. *See* Mot 14-15 (citing *Snap I*, 2022 WL 2528615, at *1, *In re Facebook*, 625 S.W.3d at 93-94, and *Grindr*, 128 F.4th at 1153-54, all dismissing design defect claims predicated on alleged user-to-user sexual assaults). Plaintiff does not address these cases in the context of her design claims, and she altogether ignores *In re Facebook*. Resp. 13. Plaintiff's reliance on *Lemmon* is unavailing. *Id*. *Lemmon* involved Snapchat's "Speed Filter," which showed the speed the user was traveling,

allegedly encouraging dangerous driving. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1092 (9th Cir. 2021). The court explained that the design claim "did not depend on what messages, if any," a user sends. *Id*. at 1094. The "alleged duty" therefore "ha[d] nothing to do with [Snap's] editing, monitoring, or removing" of user-generated content. *Id*. at 1092. Here, the opposite is true. The design claims target specific content: "grooming, sexual exploitation, and sexual abuse." Compl. ¶¶285, 332; *see Snap I*, 2022 WL 2528615, at *12 (barring negligent design claim that faulted Snap for allowing minor users to enter fake birth dates, creating an environment where adults and minor users could interact). The same issue precludes Plaintiff's reliance on *In re Social Media Adolescent Addiction Litigation*, where a district court applied Section 230 to bar certain design claims, including "recommending minor accounts to adult strangers," which would require defendants "to publish less third-party content." 702 F. Supp. 3d 809, 831 (N.D. Cal. 2023). In fact, that court agreed that Section 230 bars claims that a service "should have used age-verification to then limit platform access to children, *id.* at 829-30 (citing *MySpace*, 528 F.3d at 419, 421). *See also K.B.*, 2025 WL 719080, at *5 (holding that *Bride* barred design defect claims concerning alleged lack of age and identity verification and failure to provide "reasonable" tool to report sex trafficking); *Patterson v. Meta Platforms*, *Inc.*, -- N.Y.S.3d ---, 2025 WL 2092260, at *3 (N.Y. App. Div. July 25, 2025) (Section 230 barred all claims, including "addiction" design defect claims, as they were based on "content posted by third parties.")[2]

---

[2] References to inadequate "reporting protocols," Resp. 13, are irrelevant. Plaintiff *does not allege* that she tried but failed to report an account to Roblox due to faulty infrastructure. *Cf. Doe #1 v. Twitter, Inc.*, 2025 WL 2178534, at *7 (9th Cir. Aug. 1, 2025) (Section 230 did not bar claim based on alleged defects in reporting infrastructure). She has no standing to bring a claim based on reporting protocols. *In re Deepwater Horizon*, 732 F.3d 326, 340 (5th Cir. 2013) (injuries must be traceable to duty allegedly breached).

***Failure to Warn (3, 7).*** Plaintiff misstates Section 230 jurisprudence on failure-to-warn claims by suggesting that whenever a defendant knows of general "dangers … in its product," then Section 230 falls away. Resp. 12. That is not the law. Here, the alleged "dangers" stem from third-party content: Plaintiff's communications with her assailant. Compl. ¶271. The duty to warn claim therefore faults Roblox "for not mitigating, in some way, the harmful effects of [third-party] content," and is barred. *Bride*, 112 F.4th at 1180; *see also Grindr*, 128 F.4th at 1154 (no duty to warn about general risks of child exploitation). This is distinct from the failure-to-warn claim in *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 849, n.2 (9th Cir. 2016), where defendant-website allegedly knew, solely from an outside source, that two men (who never posted anything to the site) were engaged in a rape scheme targeting the website's users off-platform. On those specific facts, the Court held that the defendant would not have needed to monitor or remove any site postings to warn about a "known sexual predator," and Section 230 did not apply. *Id*. at 851. Here, there is no allegation that Roblox knew about Plaintiff's assailant. The argument that Roblox "could or should have learned" about similar incidents "through the public reports" misses the mark. Resp. 12. The complaint in *Grindr* cited many prior public reports of adults being arrested after using the app to meet minors.[3] The failure-to-warn claim was still barred, as it targeted Grindr's role as a publisher. *Grindr*, 128 F.4th at 1154; *see also in re Facebook*, 625 S.W.3d at 94 ("a warning about third-party content is a form of editing").

***Fraud (1)***. The Response makes plain that the fraud claim is all about Roblox's

---

[3] *See Doe v. Grindr Inc.*, No. 2:23-cv-02093-ODW-PD (C.D. Cal. Apr. 27, 2023), ECF No. 33 at 31-32.

alleged failure to moderate content. The purportedly undisclosed "material information," Resp. 11, is the existence of alleged "grooming" and "sexual abuse" material on Roblox, despite its content moderation efforts. Compl. ¶226. Plaintiff essentially faults Roblox for not moderating content in the way she thinks Roblox should, based on her interpretation of the aspirational statements in its policies. *See, e.g., id*. at ¶34 (describing third-party content that Roblox "won't allow"); ¶32 (efforts to "foster an environment where people of any age can play, learn, and imagine safely"). These statements are materially indistinguishable from the "description of [] content moderation policy," in *Grindr*, which Section 230 protects. *See Grindr*, 128 F.4th at 1154 (stating it would maintain "a safe and secure environment for its users"). Plaintiff again fails to address *Grindr*, relying instead on inapposite cases. Resp. 11. In *Barnes*, unlike here, a Yahoo employee made the unqualified representation that she would "personally walk" the plaintiff's reports about indecent profiles "over to the division" that "would take care of it." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009). This explicit promise was the basis of the estoppel claim. *Id*. Plaintiff does not allege reporting any content to Roblox, or that Roblox made any specific promise in response. Instead, she generally cites Roblox's content moderation policies. Compl. ¶¶29-31. In *Bride*, unlike here, the defendant made the representation that it would "unmask and ban" users who sent harassing messages and then failed to respond at all when plaintiffs reported such users. *Bride*, 112 F.4th at 1178. But *Bride* makes clear that where there is no enforceable promise, and content moderation is "the only option," Section 230 immunity attaches. *Id*. at 1178, n.3. That is the case here.

## II. The First Amendment Bars All of Plaintiff's Claims

Plaintiff's claims challenge quintessential editorial decisions protected by the First Amendment. Mot. 17. Her claims concern how Roblox publishes, moderates, labels, and removes content on its platform—all protected conduct. *See O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1186–87 (N.D. Cal. 2022) ("decisions about what content to include, exclude, moderate, filter, label, restrict, or promote … are protected by the First Amendment"), *aff'd sub nom. O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023). In response, Plaintiff makes the dubious claim that the First Amendment cannot reach the claims of a private plaintiff. Resp. 17. This misstates the law, as courts routinely find that content moderation claims brought by private parties like Plaintiff against online platforms run afoul of the First Amendment. *See, e.g.*, *Mac Isaac v. Twitter, Inc.*, 557 F. Supp. 3d 1251, 1261 (S.D. Fla. 2021); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 984, 992 (S.D. Tex. 2017). In fact, courts have flatly rejected the exact argument Plaintiff advances. *See Jian Zhang v. Baidu.com Inc.*, 10 F. Supp. 3d 433, 442 (S.D.N.Y. 2014) ("the First Amendment's protections extend to private suits for money damages based on the content of speech").[4]

## III. Plaintiff's Negligence Claims Fail (Counts 2, 3, 4, 5).

Plaintiff's negligence claims fail because she does not show a duty or proximate

---

[4] Plaintiff cites *Manhattan Community Access Corp. v. Halleck*, but that decision has nothing to do with the issues here and instead considered when a private entity operates as a "state actor" and therefore can be "constrained" by the First Amendment. 587 U.S. 802, 812 (2019). This inquiry is irrelevant: Plaintiff is not alleging a First Amendment claim *against* Roblox. Plaintiff next cites *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024). That case did involve a state actor but nowhere limited a First Amendment defense to those circumstances. Finally, Plaintiff cites *Anderson v. TikTok, Inc.*, but that case also has no bearing on Plaintiff's claims, as it considered only whether a platform's algorithm was first- or third-party content, a question not at issue here. 116 F.4th 180 (3d Cir. 2024).

cause. Mot. at 18, 22. Plaintiff's Response cures neither flaw.

### A. No Duty.

Unable to identify any duty owed by Roblox, Plaintiff takes a kitchen-sink approach. But Plaintiff's asserted duties all come up empty.

*No special relationship.* Although Plaintiff argues that Roblox owed her "multiple duties," Texas law is clear that there is no legal duty to protect another from the criminal acts of a third person, in the absence of a special relationship between the defendant and the third person. Mot. 18. Plaintiff cites *Otis Engineering Corp. v. Clark*, but the defendant's duty there arose out of the special relationship between an employee and employer. 668 S.W.2d 307, 311 (Tex. 1983). By contrast, in *Doe 12 v. Baylor University*, the court found no special relationship between a university and its students, an even closer relationship than that between an online platform and its users. 336 F. Supp. 3d 763, 787 (W.D. Tex. 2018). The court therefore dismissed negligence claims alleging the university had a duty to prevent criminal acts, including sexual assault, by its students. *Id.*

*No duty from foreseeable risk.* Plaintiff argues "foreseeability" controls, Resp. 20, but cites no case finding a duty because of the mere possibility that a third party might commit criminal acts outside the defendant's area of control. *Doe 12 v. Baylor University* is relevant here too: campus sexual assault occurs, but that did not create a duty to control the assaulting students' behavior. 336 F. Supp. 3d at 787. Likewise, the fact that predators may use the Internet to find victims does not create a duty for online platforms to control their

behavior.[5]

***No failure to warn.*** Plaintiff claims that Roblox had a duty to warn, but the law does not support that assertion. Plaintiff cites *Ford Motor Co. v. Dallas Power & Light Co.*, but there the defendant had "operational control over the instrumentality having damaging potentialities," a dam, and sole access to information about the danger. 499 F. 2d 400, 413 (5th Cir. 1974). Roblox is not alleged to have control over what its users do outside its platform. *Howe v. Kroger Co.*, 598 S.W.2d 929, 931 (Tex. App. 1980) ("This duty [to warn], however, extends only to the limits of those premises and not beyond.").

***No negligent undertaking.*** The Response cites paragraphs of the Complaint that merely recite that (1) each defendant rendered parental control services and (2) each defendant knew or should have known that parental control services were necessary for the protection of minor users. Resp. 23 (citing Compl. ¶¶305-306). This is not sufficient for a negligent undertaking claim, which requires either reliance on the defendant's performance of services that it knew were necessary for the plaintiff's protection, or that defendant's performance increased the risk of harm. *See* Mot. 21. Plaintiff fails to allege any facts showing that Roblox undertook to protect Plaintiff and that she relied on these protections. She also fails to allege how *Roblox* increased her risk of harm when Roblox instead provided various features and instructions about blocking and reporting users who abuse the platform.

---

[5] Plaintiff also cites *Colvin v. Roblox. Corp.*, (Resp. 20), but that case did not consider Texas law and, moreover, looked at whether certain on-platform transaction-processing conduct was actionable. 2024 WL 4231090, at *2 (N.D. Cal. Sep. 19, 2024). Here, Plaintiff alleges a *third party* committed criminal acts outside of Roblox. Compl. ¶¶ 208-213; *see also LaFleur v. Astrodome-Astrohall Stadium Corp.*, 751 S.W.2d 563, 564-65 (Tex. App.—Houston [1st Dist.] 1988) (stadium had no duty to prevent a criminal assault on plaintiff after she left); *Boyd v. Texas Christian Univ., Inc.*, 8 S.W.3d 758, 760 (Tex. App.—Fort Worth 1999) (university owed no duty to control criminal conduct of student-athletes at off-campus event).

Mot. 22 (citing Compl. ¶121, n.128).

***No unreasonable design:*** Plaintiff argues that Roblox owed a "duty to exercise ordinary care" in the design of its platform but does not cite any negligent-design case where a duty was imposed to affirmatively design online platforms to protect users from off-platform harm from other users. Resp. 22-23. Plaintiff has also failed to allege facts showing that a safer alternative design exists that would have prevented or significantly reduced the risk of injury. *Am. Tobacco Co v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997); *Villareal v. Navistar, Inc.*, 2022 WL 14708977, at *4 (N.D. Tex. Mar. 8, 2022) (dismissing negligent design claim that did not allege deviation from reasonable manufacturers in the industry).

*Doe v. Myspace* is most instructive. Unlike Plaintiff's cited cases, *MySpace* involved highly similar facts and found no duty by an online platform to protect the plaintiff from a third party's off-platform criminal conduct. *MySpace*, 474 F. Supp. 2d at 851-52; Mot. 18-19. Plaintiff fails to distinguish this directly on-point case.

**B.     No Proximate Cause.**

Plaintiff does not meaningfully rebut that intervening criminal conduct breaks the chain of causation. *See Cowart v. Kmart Corp.*, 20 S.W.3d 779, 785 (Tex. App.—Dallas 2000) (explaining the same). She argues only that Roblox should have foreseen the general type of criminal conduct, but there is no credible allegation that Roblox could have foreseen that Plaintiff would communicate with an assailant on a different platform, that he would solicit explicit images on that platform, be let into her parent's home, and spend the night without her parent's knowledge. Compl. ¶¶211-16.

### IV. Plaintiff's Strict Product Liability Claims (Counts 6, 7) Fail.

Plaintiff's product liability claims fail because Roblox is not a tangible product and her arguments to the contrary fail. Mot. 24–26.

***First***, under Texas law, a product must be tangible and physical. Mot. 24-25. Plaintiff's cases about electricity only prove that point. Resp. 26. Electricity *is* tangible—it can be seen and touched. *See In re Escalera Res. Co.*, 563 B.R. 336, 349 (Bankr. D. Colo. 2017) ("the tangibility of electrical energy is confirmed by numerous legal sources").[6]

***Second***, Plaintiff's invocation of *Hou-Tex, Inc. v. Landmark Graphics* is highly misleading. 26 S.W.3d 103, 107 n.2 (Tex. App. 2000), Resp. 26. The court simply accepted for purposes of an appeal that a "highly technical tool used to create a graphic representation from technical data" could be treated as a product. 26 S.W.3d 103, 107 n.2 (Tex. App. 2000). But Plaintiff omits that in the same footnote, the court explained: "*We do not imply that all software programs are products for purposes of products liability.*" *Id.* (emphasis added). Indeed, long after the *Hou-Tex* decision, the Texas Supreme Court held that Facebook—a digital platform akin to Roblox—was *not* a "product" for purposes of product liability claims. *See In re Facebook, Inc.*, 625 S.W.3d at 85 n.1 (explaining decision of court below).

***Third***, Plaintiff relies on *In re Social Media*, but that decision did not consider Texas law. 702 F. Supp. 3d at 847. Moreover, the court engaged in a "functionalities" analysis that looked not at the service as a whole, but to specific functions. *Id.* Such an approach has not been endorsed by any Texas court, and Roblox has not found any Texas authority supporting

---

[6] *Houston Lighting & Power Co. v. Reynolds* found electricity was a product precisely because it can be, amongst other things, "manufactured," "transported," and "confined." 765 S.W.2d 784, 785 (Tex. 1988). But this proves Roblox's point: Electricity is present physically; digital services are not.

such a position. The Court should follow Texas law, not a California court applying Georgia and New York law in a novel way.[7]

***Finally***, Plaintiff's attempt to reframe her claims as challenges to Roblox's lack of safety features does not distinguish them from the claims consistently rejected by courts in this Circuit. *See* Mot. 25–26. In all three cases Roblox cited,[8] the plaintiffs alleged that the defendants had failed to include adequate safety warnings and allowed objectionable content to be published, but the Court rejected these claims, reasoning that "ideas, thoughts, words, and information" conveyed were "not products" under product liability law. *Id*. Plaintiff's claim is no different here, and her failure to meaningfully engage with well-reasoned authority from this Circuit cannot hide the deficiencies in her theory.

## V.     Plaintiff's Fraudulent Concealment Claim (Count 1) Fails.

Plaintiff's fraud claim fails because (1) she fails to plead with specificity, (2) she fails to show a duty to disclose, and (3) Roblox disclosed the risks at issue. Mot. 27-30. The Response does not overcome these defects.

***Rule 9(b):*** Plaintiff argues for a fraudulent concealment claim, she can satisfy Rule 9(b) with general allegations of a defect, coupled with the bald claim that the defect was not disclosed. Resp. 29. Not so. "In pleading … fraud by nondisclosure," a plaintiff still "must satisfy … Rule 9(b)," *Hand v. Trumbull Ins. Co.*, 2022 WL 22887537, at *5 (N.D. Tex. Aug. 12, 2022), and "plead the type of facts omitted, the place in which the omissions should have

---

[7] *In re Social Media* is an outlier even under California and New York law. (*See* Resp. 28 (explaining that *Jacobs v. Meta Platforms, Inc.* and *Zienck v. Snap, Inc.* found digital services cannot be products).)
[8] *Citing Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 239 (Tex. App.—Dallas 1993, writ denied); *Davidson v. Time Warner, Inc.*, 1997 WL 405907, at *14 (S.D. Tex. Mar. 31, 1997); *Herceg v. Hustler Mag., Inc.*, 565 F. Supp. 802, 803 (S.D. Tex. 1983)

appeared, and the way in which the omitted facts made the representations misleading," *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

Plaintiff instead makes only the conclusory allegations that Roblox "knew about the defective conditions of its app" from "internal reviews" and "external studies known to Defendants" and failed to disclose them. Compl. ¶¶221-22. These vague allegations do not satisfy Rule 9(b). *See Gordon v. Sig Sauer, Inc.*, No. CV H-19-585, 2020 WL 6118466, at *7 (S.D. Tex. Oct. 16, 2020) (dismissing fraud by non-disclosure claim where defendant knew of a design defect from "design testing" but failed to provide "any facts supporting an inference of knowledge"). Plaintiff provides no specific factual allegations about when or how Roblox allegedly discovered these defects, who at Roblox had this knowledge, or ***what information was withheld*** and how it rendered other statements misleading or materially incomplete. Put differently, Plaintiff's complaint "suggests but does not clearly explain the fraudulent nature" of the purported concealment, and "the Court should not have to strain to find inferences favorable to [Plaintiff] to make out a necessary element of a claim, especially when the claim in question is subject to a heightened pleading standard." *Debut Sols. LLC v. Axion Structural Innovations, LLC*, 2021 WL 11723751, at *5 (S.D. Tex. Dec. 23, 2021).

***Duty to Disclose:*** Nor can Plaintiff satisfy Rule 9(b) by "simply stating that [a defendant] had a legal duty to disclose information to [a plaintiff], [which] without factual support, is insufficient under Rule 9(b)'s heightened pleading standard." *Hand*, 2022 WL 22887537, at *7. Plaintiff's caselaw does not show otherwise. Plaintiff relies almost entirely on *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 222 (Tex. 2019). But that decision expressly did not reach whether the defendants had a duty to

-14-

disclose. *Id*. Instead, the Texas Supreme Court only explained that the court below had found that the defendant had a duty. *Id.* But Plaintiff omits what the Court of Appeals found: That a duty to disclose arose ***only*** because the defendant had (1) become the plaintiff's *fiduciary* through a contractual power-of-attorney provision and (2) made *specific* partial disclosures that intentionally gave a false impression of material facts. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 565 S.W.3d 280, 289 (Tex. App.—Dallas 2017). Roblox is not Plaintiff's fiduciary. Nor does Plaintiff allege with specificity any partial disclosure used to intentionally mislead her *that she relied on and was misled by*.

**Roblox's Disclosures:** Regardless, Roblox *did* disclose the risk of grooming and predatory conduct by third parties on online platforms. Mot. 30; ECF 32-1, Ex. B at 4.[9] Plaintiff has no response to this disclosure at all. To the extent Plaintiff contends it was inadequate (she does not say as much in the Response), she fails to allege with specificity *which* disclosure was supposedly required but missing—and therefore fails to plead the claim. *See* Section V, *supra*. Moreover, in light of Roblox's express disclosure, Plaintiff fails to allege facts showing that Roblox intended to mislead her about these risks through omissions, which further undermines her claim. *Debut Sols. LLC*, 2021 WL 11723751 at *5 (dismissing fraud by non-disclosure claim because plaintiffs failed to allege plausible facts showing defendants intended to defraud them).

---

[9] Tellingly, Plaintiff runs from this disclosure, arguing the Court cannot take judicial notice of the public webpage it appears on. Resp. 30, n.8. Plaintiff claims that whether Roblox disclosed the risks at issue is in "dispute" and therefore judicial notice is improper, but this botches the analysis. Plaintiff nowhere disputes *that the webpage itself* was available at the time Plaintiff signed up—which is all that Roblox seeks judicial notice of. Roblox cited numerous cases finding that a court can take judicial notice of the existence and content of a public webpage, regardless of whether the parties dispute the *legal implications* of that content. ECF 32-1 at 3. Plaintiff offers no response to this clear case law.

## CONCLUSION

Roblox respectfully requests that this Court dismiss Plaintiff's claims.

Dated: August 8, 2025							COOLEY LLP


										By: */s/ Tiana Demas*
										    Tiana Demas, Attorney in Charge
										    (*Pro Hac Vice*)
										    110 N. Wacker Dr., Suite 4200
										    Chicago, IL 60606
										    Telephone: (312) 881-6500
										    tdemas@cooley.com

										    Max A. Bernstein (*PHV Pending)*
										    Ryan C. Stevens (*Pro Hac Vice*)
										    3 Embarcadero Center, 20th Floor
										    San Francisco, CA 94111
										    Telephone: (415) 693-2000
										    mbernstein@cooley.com
										    rstevens@cooley.com

										BECK REDDEN LLP

										    Fields Alexander
										    State Bar No. 00783528
										    Federal Bar No. 16427
										    Maryam Ghaffar
										    State Bar No. 24120847
										    Federal Bar No. 3710605

										    1221 McKinney, Suite 4500
										    Houston, Texas 77010-2010
										    Telephone: (713) 951-3700
										    falexander@beckredden.com
										    mghaffar@beckredden.com

										Attorneys for Defendant
										ROBLOX CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically using the CM/ECF system which will send notifications of such filing to all counsel of record on August 8, 2025.

*/s/ Tiana Demas*
