# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| MARY DOE, as next friend of minor plaintiff, JANE DOE, <br><br> Plaintiff, <br> v. <br><br> ROBLOX CORPORATION and DISCORD INC., <br> Defendants. | CIVIL ACTION NO. 3:25-cv-00128 |

## UNOPPOSED MOTION TO STAY PROCEEDINGS

Mary Doe, as next friend of Minor Plaintiff Jane Doe ("Plaintiff"), submits this motion requesting that the Court stay this action pending resolution by the Judicial Panel on Multidistrict Litigation ("JPML") of a motion to transfer and consolidate 31 lawsuits against Roblox Corporation, including this one.

## BACKGROUND

On April 30, 2025, Plaintiff filed a Complaint against Defendants Roblox Corporation and Discord Inc. (collectively, "Defendants"). ECF No. 1. On June 27, 2025, Defendants moved to dismiss the Complaint, *see* ECF Nos. 32, 33; Plaintiff responded on July 25, 2025, *see* ECF Nos. 49, 50; and Defendants replied on August 8, 2025, *see* ECF Nos. 58, 60. On August 13, 2025, the Court ordered Plaintiff to provide Defendants with account usernames, phone numbers, and email addresses for her and her parents so that Defendants could move to compel arbitration. The parties then agreed to a briefing schedule for Defendants' motions to compel arbitration whereby Defendants' motions

were due September 12, 2025, Plaintiff's responses are due October 13, 2025, and Defendants' replies are due October 27, 2025. ECF No. 81.

On September 18, 2025, a motion to transfer and consolidate 31 actions against Roblox, including this case, was filed with the JPML by the plaintiff in *Doe v. Roblox Corp., et al.*, No. 25-cv-05753-JSC (N.D. Cal.). These 31 actions are currently pending in 12 judicial districts before approximately 25 different judges. The JPML motion is expected to be argued on December 4, 2025, and decided soon thereafter.

To conserve judicial resources, the plaintiffs and defendants in the 31 actions are in the process of seeking stays of these cases pending resolution of the JPML motion.

## **REQUEST FOR STAY**

Plaintiff respectfully submits that the Court should stay proceedings in this case pending resolution of the JPML motion. While a pending transfer motion before the JPML does not deprive the Court of jurisdiction over pretrial matters in this case, the Court may stay this case pending resolution of the JPML motion under its "inherent power to stay proceedings." *Cajun Offshore Charters, LLC v. BP, PLC*, No. 10-cv-1341, 2010 U.S. Dist. LEXIS 111742, at *5 (E.D. La. 2010). In deciding whether to issue such a stay, courts generally consider "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Esquivel v. BP Co. N. Am.*, No. B-10-236, 2010 U.S. Dist. LEXIS 110015, at *9 (S.D. Tex. Oct. 14, 2010) (citation and internal quotation marks omitted).

"Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted." *Id.*

The relevant factors favor a stay in this case. First, because this motion is unopposed, "there is no suggestion that a stay would prejudice either party." *Nelson v. Bayer Healthcare Pharms., Inc.*, No. 15-cv-00172, 2015 U.S. Dist. LEXIS 115249, at *3 (N.D. Ind. Aug. 31, 2015). A decision on the JPML motion "is expected shortly, and thus, the stay will not excessively delay this matter." *Id.*; *see also AIG Prop. Cas. Co. v. 3M Co.*, No. 24-cv-4032, 2024 U.S. Dist. LEXIS 228460, at *6 (D. Minn. Dec. 18, 2024) (finding no prejudice would result "from a stay of a few weeks or even months"). Moreover, the parties agree that a stay in no way waives or alters Defendants' right to move to compel arbitration, to move to dismiss the Complaint, or to oppose the JPML motion or any other motion field before the JPML on any basis.

Second, judicial resources would be conserved by staying this case pending the resolution of the JPML motion. For example, if this case is transferred to another court and consolidated with the other cases, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In short, "there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision." *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay all proceedings in this case pending the resolution of the JPML motion.

Dated: October 2, 2025                                Respectfully submitted,

/s/ *Paige Boldt*
Paige Boldt, Attorney in Charge
State Bar No. 24082626
SDTX No. 3108588
**ANAPOL WEISS**
325 North Saint Paul Street, Suite 3100
Dallas, TX 75201
Telephone: (469) 966-2232
Facsimile: (215) 735-2211
pboldt@anapolweiss.com

Alexandra M. Walsh (*pro hac vice*)
D. Patrick Huyett (*pro hac vice*)
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
Facsimile: (215) 735-2211
awalsh@anapolweiss.com
phuyett@anapolweiss.com

**COOPER MASTERMAN**
Davis Cooper (*pro hac vice*)
Joseph Masterman (*pro hac vice*)
1717 Pennsylvania Ave. NW, Suite 1025
Washington, DC 20006
Telephone: (202) 866-0171
davis@coopermasterman.com
joe@coopermasterman.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2025, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        */s/ Paige Boldt*
                                        Paige Boldt